The A. W. Fenton Co. et al. *v.* United States

No. 7778.—

Entry No. 735033, etc.

(Decided January 23, 1950)

*Lane, Young & Fox* (*William H. Fox* of counsel) for the plaintiffs.
*David N. Edelstein,* Assistant Attorney General, for the defendant.

Lawrence, Judge: It has been agreed between the parties hereto that the issues herein relating to the merchandise the subject of these appeals are the same in all material respects as those decided in *United States* v. *Gothic Watch Co.,* 23 Cust. Ct. 235, Reap. Dec. 7712, affirming the judgment in *Gothic Watch Co.* v. *United States,* 19 Cust. Ct. 309, Reap. Dec. 7438, and that the record in Reap. Dec. 7712, *supra,* may be incorporated herein.

Upon the agreed facts, I find that the attempted appraisement embodied in the second return of value by the appraiser of the merchandise covered by each of the appeals for reappraisement enumerated in the annexed schedule, which is marked "A" and made a part of this decision, was illegal, null, and void, and that the appraiser's original return of value in each case, as reported by him to the collector of customs, constituted his appraisal of the merchandise pursuant to section 500 of the Tariff Act of 1930 (19 U. S. C. § 1500), and was final and conclusive in the absence of any appeal pursuant to section 501 of said act (19 U. S. C. § 1501).

Judgment will be entered accordingly.

Louis Aisenstein & Bros. et al. *v.* United States

No. 7779.—

Entry No. 724173, etc.

(Decided January 24, 1950)

*James W. Bevans* (*William H. Fox* of counsel) for the plaintiffs.
*David N. Edelstein,* Assistant Attorney General, for the defendant.

Lawrence, Judge: It has been agreed between the parties hereto that the issues herein relating to the merchandise the subject of these appeals are the same in all material respects as those decided in *United States* v. *Gothic Watch Co.,* 23 Cust. Ct. 235, Reap. Dec. 7712, affirming the judgment in *Gothic Watch Co.* v. *United States,*

19 Cust. Ct. 309, Reap. Dec. 7438, and that the record in Reap. Dec. 7712, *supra*, may be incorporated herein.

Upon the agreed facts, I find that the attempted appraisement embodied in the second return of value by the appraiser of the merchandise covered by each of the appeals for reappraisement enumerated in the annexed schedule, which is marked "A" and made a part of this decision, was illegal, null, and void, and that the appraiser's original return of value in each case, as reported by him to the collector of customs, constituted his appraisal of the merchandise pursuant to section 500 of the Tariff Act of 1930 (19 U. S. C. § 1500), and was final and conclusive in the absence of any appeal pursuant to section 501 of said act (19 U. S. C. § 1501).

Judgment will be entered accordingly.

WILLIAM BROOKS *v.* UNITED STATES

No. 7780.—

Entry No. 701763, etc.

(Decided January 24, 1950)

*Lane, Young & Fox* (*William H. Fox* of counsel) for the plaintiff.
*David N. Edelstein,* Assistant Attorney General, for the defendant.

LAWRENCE, Judge: It has been agreed between the parties hereto that the issues herein relating to the merchandise the subject of these appeals are the same in all material respects as those decided in *United States* v. *Gothic Watch Co.,* 23 Cust. Ct. 235, Reap. Dec. 7712, affirming the judgment in *Gothic Watch Co.* v. *United States,* 19 Cust. Ct. 309, Reap. Dec. 7438, and that the record in Reap. Dec. 7712, *supra,* may be incorporated herein.

Upon the agreed facts, I find that the attempted appraisement embodied in the second return of value by the appraiser of the merchandise covered by each of the appeals for reappraisement enumerated in the annexed schedule, which is marked "A" and made a part of this decision, was illegal, null, and void, and that the appraiser's original return of value in each case, as reported by him to the collector of customs, constituted his appraisal of the merchandise pursuant to section 500 of the Tariff Act of 1930 (19 U. S. C. § 1500), and was final and conclusive in the absence of any appeal pursuant to section 501 of said act (19 U. S. C. § 1501).

Judgment will be entered accordingly.